IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Case No. 1:26-cr-00030-MJM |
| | * | |
| AURELIO LUIS PEREZ-LUGONES, | * | |
| | * | |
| Defendant | * | |

**\*\*\*\*\***

## CIPA SECTION 3 PROTECTIVE ORDER

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), the "Revised Security Procedures Established Pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information" ("Security Procedures") (reprinted after CIPA § 9), Rules 16 and 57 of the Federal Rules of Criminal Procedure, and the general supervisory powers of the Court, and to protect the national security, the following Protective Order[1] is entered:

1.     The Court finds that this case involves information that has been classified in the interest of national security. The storage, handling, and control of this information will require special security precautions mandated by statute, executive order, and regulation. Access to this

---

[1] The Court understands that the government may move for a supplemental protective order depending on the nature of additional information that is determined to be discoverable, or information provided to the defense during this litigation.

information requires appropriate security clearances and a "need-to-know", as set forth in Executive Order 13526 (or successor order), that has been validated by the government.[2]

2.     The purpose of this Order is to establish procedures that must be followed by the defendant, defense counsel, defense team, and the government, and any other person who receives access to, or otherwise is in possession of, classified information as a result of their participation in this case. These procedures will apply to all pretrial, trial, post-trial, and appellate matters concerning classified information and may be modified from time to time by further Order of the Court pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, CIPA Section 3, and the Court's acting under its inherent supervisory authority.

3.     Definitions. The following definitions shall apply to this Order:

    a.  "Defense" or "defense team" refers collectively to the defendant's counsel and any support staff assisting the defendant's counsel authorized to receive classified information pursuant to this Order.[3]

    b.  "Classified information" shall include:

        i.  Any document or information that has been classified by an Executive Branch agency in the interests of national security pursuant to Executive Order 13526, as amended, or predecessor or successor orders, as

---

[2] Any individual to whom classified information is disclosed pursuant to this Order shall not disclose such information to another individual unless the U.S. agency that originated that classified information confirms that the proposed recipient possesses an appropriate security clearance and need-to-know.

[3] The Classified Information Security Officer ("CISO") informed the Court one member of the defense team currently possesses a security clearance, but that others do not. This Protective Order will apply to all members of the defense team, both current and future, who possess the requisite clearance. Only members of the defense team who possess the requisite clearance will have access to classified information.

"CONFIDENTIAL," "SECRET," "TOP SECRET," or controlled as "SENSITIVE COMPARTMENTED INFORMATION" ("SCI");

ii. Any document, recording, or information now or formerly in the possession of a private party that (A) has been classified by the United States Government as set forth above, and/or (B) has been derived from information that was classified by the United States Government;

iii. Verbal or other unwritten or unrecorded information known to the defendant or the defense team that has been classified by the United States Government as set forth above;

iv. Any information, regardless of its origin, that the defense knows or reasonably should know contains classified information, including information acquired or conveyed orally;

v. Any document, recording, or information as to which the defense has been notified orally or in writing contains classified information; and

vi. Any document, recording, or information that is classified, as set forth in (i), that has been approved by the United States government for limited authorized disclosure to the defense in the criminal case *United States v. Aurelio Luis Perez-Lugones*, 1:26-cr-00030-MJM, pursuant to the restrictions set forth herein. All classified information that is approved by the government or the Court for limited authorized disclosure to the defense that may also be shared with the defendant will contain an appropriate classification marking and will be marked

3

"Provided to PEREZ-LUGONES in *United States v. Aurelio Luis Perez-Lugones,* 1:26-cr-00030-MJM."

c. "Document," "materials," and "information" shall include, but are not limited to:

    i. All written, printed, visual, digital, electronic, or audible matter of any kind, formal or informal, including originals, conforming copies, and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), as well as metadata;

    ii. Notes (handwritten, oral, or electronic); papers; letters; correspondence; memoranda; reports; summaries; photographs; maps; charts; graphs; inter-office communications; notations of any sort concerning conversations, meetings or other communications; bulletins; teletypes; telecopies; telegrams; telexes; transcripts; cables; fax; invoices; worksheets and drafts; microfiche; microfilm; videotapes; sound recordings of any kind; motion pictures; electronic, mechanical or electric records or media of any kind, including but not limited to tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes, disks, or thumb drives and all manner of electronic data processing storage; and alterations, modifications, changes and amendments of any kind to the foregoing; and

    iii. Information obtained orally.

    d. "Access to classified information" shall mean having access to, reviewing, reading, learning, or otherwise coming to know in any manner classified information.

    e. "Secure Area" shall mean an environment or setting approved by a CISO for the review, storage, handling, and control of classified information.

**Classified Information**

4. All classified documents, and classified information contained therein, shall remain classified unless the documents bear a clear indication that they are not classified or have been declassified by the agency or department that originated the document or information contained therein ("originating agency").

5. All access to classified information shall conform to this Order and the Memorandum of Understanding described herein.

6. The defendant may disclose classified information to the defense as necessary in preparation of his defense. Any classified information provided to the defense by the government is to be used solely by the defense and solely for the purpose of litigating this case.

7. The defense may not disclose or cause to be disclosed in connection with this case any information known or reasonably believed to be classified information except as otherwise provided herein.

8. The defense may not disclose classified information to the defendant unless that same information has been previously disclosed to the defense by the defendant, derives from the defendant's own documents, writings, or communications, or provided by the government with markings indicating it may be disclosed to the defendant. Any classified information the defense discusses with the defendant in any way shall be handled in accordance with this Order and the

attached Memorandum of Understanding, including such requirements as confining all discussions, documents, and materials to the Secure Area.

9.      The defense and the defendant shall not disclose classified information to any person, except to the Court, government personnel who hold appropriate security clearances and have been determined to have a need-to-know that information, and those specifically authorized to access that information pursuant to this Order.

10.      Information that is classified that also appears in the public domain is not thereby automatically declassified unless it appears in the public domain as the result of an official statement by a U.S. Government Executive Branch official who is authorized to declassify the information.  Individuals who, by virtue of this Order or any other court order, are granted access to classified information may not confirm or deny classified information that appears in the public domain.  Prior to any attempt by the defense to have such information confirmed or denied in any public proceeding in this case, the defense must comply with the notification requirements of Section 5 of CIPA and all provisions of this Order.

11.      If classified information enters the public domain, the defense is precluded from making private or public statements where the statements would reveal personal knowledge from non-public sources regarding the classified status of the information, or would disclose that the defense had personal access to classified information confirming, contradicting, or otherwise relating to the information already in the public domain.  If there is any question whether information is classified, the defense must handle that information as though it is classified.

**Security Procedures**

12.      In accordance with the provisions of CIPA and the Revised Security Procedures, the Court has designated Matthew W. Mullery as the CISO and Jennifer H. Campbell, Daniel O.

Hartenstine, Daniella M. Medel, William S. Noble, Harry J. Rucker, and Winfield S. "Scooter" Slade as alternate CISOs for this case, for the purpose of providing security arrangements necessary to protect against unauthorized disclosure of any classified information that has been made available to the defense in connection with this case. The defense shall seek guidance from the CISO regarding appropriate storage, handling, transmittal, and use of classified information.

13.    The government has advised the Court that Assistant United States Attorneys Patricia McLane and Thomas M. Sullivan and U.S. Department of Justice National Security Division Trial Attorneys Menno Goedman and Brendan P. Geary ("counsel for the government"), all have the security clearances and necessary read-ins allowing them to have access to classified information that counsel for the government intend to use, review, or disclose in this case. Any government attorneys who may in the future participate in the litigation of any part of this matter (or supervise such litigation) will have security clearances appropriate for the level of classification of any documents reviewed.

14.    The government understands, from the CISO, that one member of the defense team, Ms. Courtney D. Francik, currently possesses the requisite security clearance, thus permitting them to have access to classified information designated as "CONFIDENTIAL," "SECRET," or "TOP SECRET," for which they have a need-to-know.[4] The government further understands that at least one other member of the defense, Mr. Francisco A. Carriedo, does not currently hold a clearance and will need to work with the CISO to apply for one. All members of the defense team, after receiving a full TOP SECRET clearance, must also be read into the appropriate subcompartments or special programs, where necessary, before they are permitted to have access to classified

---

[4] Once the defense receives final clearances, they will promptly receive additional read-ins, if any, allowing them to access additional SCI compartments for which they have a need-to-know.

information containing further restricted material. Any additional person whose assistance the defense reasonably requires may only have access to classified information in this case after first (a) obtaining permission from this Court, with prior notice to the government; (b) obtaining a security clearance through the CISO for access to the required level of classification on a need-to-know basis; and (c) signing the Memorandum of Understanding in the form attached hereto, thereby agreeing to comply with the terms of this Order.

15. *Protection of Classified Information.* The Court finds that to protect the classified information involved in this case, to the extent that counsel have the requisite security clearances and a "need-to-know" for the classified information, they shall be given authorized access to classified national security documents and information as required by the government's discovery obligations and subject to the terms of this Protective Order, the requirements of CIPA, the Memorandum of Understanding attached hereto, and any other Orders of this Court.

16. The defendant has a continuing contractual obligation to the government not to disclose to any unauthorized person classified information known to him or in his possession. The government is entitled to enforce that agreement to maintain the confidentiality of classified information. The defendant is subject to this Court's authority, contempt powers, and other authorities, and shall fully comply with any nondisclosure and/or contractor security agreements he has signed, this Order, the Memorandum of Understanding, and applicable statutes.

17. An individual with a security clearance and a need-to-know as determined by any government entity is not automatically authorized to disclose any classified information to any other individual, even if that other individual also has a security clearance. Rather, any individual who receives classified information may only disclose that information to an individual who has

been determined by the CISO, in consultation with the appropriate government entity, to have both the required security clearance and a need-to-know the information.

18.    In addition, before the United States government discloses any classified information to the defense or defendant, all members of the defense team and the defendant will execute the Memorandum of Understanding attached hereto.  Defendant's counsel and the defendant agree they are subject to the terms of this Protective Order, the Memorandum of Understanding attached hereto, and any other Orders of this Court.  The signed Memorandum of Understanding shall be filed with the Court and executed copies of the Memorandum of Understanding shall be served upon the government.  The substitution, departure, or removal for any reason from this case of any counsel for the defendant or any other member of the defense team, shall not release that individual from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

19.    *Secure Area for the Defense*.  The CISO shall establish procedures to assure a Secure Area is accessible during business hours to the defense, and at other times upon reasonable request as approved by the CISO in consultation with the Court and United States Marshals Service.  The Secure Area shall contain a working area for the defense and will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of the defendant's case.  The CISO, in consultation with counsel for the defendant, shall establish procedures to assure that the Secure Area may be maintained and operated in the most efficient manner consistent with the protection of classified information and in compliance with security requirements.  No classified documents, material, recordings, or other information may be removed from the Secure Area unless so authorized by the CISO.  The CISO or any alternate CISOs shall not reveal to the government the content of any conversations she/he may

9

hear among the defense, nor reveal the nature of the documents being reviewed, or the work being generated. The presence of the CISO or any alternate CISOs shall not operate to waive, limit, or otherwise render inapplicable, the attorney-client privilege.

20.    *Filing of Papers by the Defense*. Any pleading or other document filed by the defense that defendant's counsel knows or reasonably should know contains classified information as defined in paragraph 3 shall be filed as follows:

a. Pleadings and other documents shall be filed under seal with the CISO or an appropriately cleared designee and shall be marked, "Filed *in Camera* and Under Seal with the Classified Information Security Officer." The time of physical submission to the CISO or an appropriately cleared designee shall be considered the date and time of filing and should occur no later than 4:00 p.m.

b. Within a reasonable time after making a submission to the CISO or an appropriately cleared designee, the defense shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that the submission was made to the CISO or an appropriately cleared designee. The notice should contain only the case caption and an unclassified title of the filing. The defense may, for any reason, apply to the Court for the notice to be filed under seal, with a front cover page on which the title of the filing reads "under seal document," so that all that will appear on the public docket is a notice of an under seal filing.

c. The CISO shall promptly consult with representatives of the appropriate agencies to determine whether the pleading or document contains classified information. If it is determined that the pleading or document contains classified information, the CISO shall ensure that the pleading or document is

marked with the appropriate classification markings and that the pleading or document remains under seal.  The CISO or an appropriately cleared designee shall immediately deliver under seal to the Court and counsel for the government any pleading or document to be filed by the defense that contains classified information, unless the pleading or document is an *ex parte* and *in camera* filing.

21.     *Filing of Papers by the Government*.  Any pleading or other document filed by the government that counsel for the government knows or reasonably should know contains classified information as defined herein, shall be filed as follows:

    a.  The document shall be filed under seal with the CISO or an appropriately cleared designee and shall be marked, "Filed *in Camera* and Under Seal with the Classified Information Security Officer."  The time of physical submission to the CISO or an appropriately cleared designee shall be considered the date and time of filing and should occur no later than 4:00 p.m.  Within a reasonable time after making a submission to the CISO, counsel for the government shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that the submission was made to the CISO. The notice should contain only the case caption and an unclassified title of the filing.

    b.  The CISO shall immediately deliver under seal to the Court and counsel for the defense any pleading or document to be filed by the government that contains classified information, unless the pleading or document is an *ex parte* filing.

22.    *Record and Maintenance of Classified Filings*.  The CISO shall maintain a separate sealed record for those materials which are classified.  The CISO shall be responsible for maintaining the secured records for purposes of later proceedings or appeal.

23.    *The Classified Information Procedures Act*.  Procedures for public disclosure of classified information in this case shall be those established by CIPA.  The defense shall comply with the requirements of CIPA Section 5 prior to any disclosure of classified information during any proceeding in this case.  As set forth in Section 5, the defense shall not disclose any information known or believed to be classified in connection with any proceeding until notice has been given to counsel for the government and until the government has been afforded a reasonable opportunity to seek a determination pursuant to the procedures set forth in CIPA Section 6, and until the time for the government to appeal any adverse determination under CIPA Section 7 has expired or any appeal under Section 7 by the government is decided.  Any conferences with the Court involving classified information shall be conducted *in camera* in the interest of the national security and shall be attended only by persons granted access to classified information and a need-to-know.  The transcripts of such proceedings shall be maintained under seal.

24.    *Access to Classified Information*.  In the interest of the national security, representatives of the defense granted access to classified information shall have access to classified information only as follows:

    a.  All classified information produced, possessed, created or maintained by the defense, including notes and any other work product, and all classified information disclosed by the United States government to the defense, shall be stored, maintained and used only in the Secure Area established by the CISO, unless otherwise authorized by the CISO.

b.  The defense shall have free access to the classified information in the Secure Area established by the CISO and shall be allowed to take notes and prepare documents with respect to those materials.

c.  The defense shall not copy or reproduce any classified information in any manner or form, except with the approval of the CISO and in accordance with the procedures established by the CISO for the operation of the Secure Area.

d.  All documents prepared by the defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information must be prepared in the Secure Area on word processing equipment approved by the CISO. All such documents and any associated materials (such as notes, drafts, copies, exhibits, thumb drives, discs, CDs, DVDs exhibits, and electronic or digital copies) that may contain classified information shall be maintained in the Secure Area unless and until the CISO determines those documents or associated materials are unclassified in their entirety, or if secure removal is authorized by the CISO.  None of these materials shall be disclosed to counsel for the government or any other party.

e.  The defense shall discuss classified information only with other cleared persons and only within the Secure Area or in an area authorized by the CISO.

f.  The defense shall not disclose, without prior approval of the Court, classified information to any person not named in this Order except to the Court, Court personnel, and government personnel identified by the CISO as having the appropriate clearances and the need-to-know.  Counsel for the government shall be given an opportunity to be heard in response to any defense request for

disclosure to a person not identified in this Order.  As set forth above, the defense shall not disclose classified information, even to an individual with the appropriate security clearance, without following the procedures referenced in this Order.

g.  The defense shall not discuss classified information over any standard commercial telephone instrument or office intercommunication systems, including but not limited to the Internet and electronic mail, or in the presence of any person who has not been granted access to classified information by the Court.

h.  Any documents written by the defense that do or may contain classified information shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information.

i.  Upon request from the defense and at either the Government's election or by order of this Court, the defendant may be given access in discovery to certain classified national security documents and information, marked "Provided to PEREZ-LUGONES in *United States v. Aurelio Luis Perez-Lugones*, 1:26-cr-00030-MJM," solely for purposes of litigating this case. Pursuant to the Contractor Security Agreements that the defendant signed when he was granted authorized access to classified documents and information as part of his prior work for the United States government, the defendant has a continuing contractual obligation to the government not to disclose to any unauthorized person any classified documents or information known to him or that he

14

possesses. The government is entitled to enforce its Contractor Security Agreements with the defendant to maintain the secrecy of the classified documents and information that the defendant may obtain as a result of this case. Consequently, pursuant to federal common law and the ordinary principles of contract law, the defendant shall fully comply with his Contractor Security Agreements and shall not disclose any classified documents or information to any unauthorized person unless authorized to do so by order of this Court.

25.     Any unauthorized disclosure or mishandling of classified information may constitute violations of federal criminal law.  In addition, any violation of the terms of this Order shall be brought immediately to the attention of the Court and may result in a charge of contempt of Court and possible referral for criminal prosecution.  Any breach of this Order may also result in termination of an individual's access to classified information.  Persons subject to this Order are advised that direct or indirect unauthorized disclosure, retention or negligent handling of classified documents or information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States, or may be used to the advantage of a foreign nation against the interests of the United States.  The purpose of this Order is to ensure that those authorized to receive classified information in connection with this case will never divulge that information to anyone not authorized to receive it, without prior written authorization from the originating agency or an authorized representative of the United States government, or in conformity with this Order, or as required by CIPA.

26.     All classified documents and information to which the defense has access in this case are now and will remain the property of the United States.  Upon demand of the CISO, the defense shall return to the CISO all classified information in their possession obtained through

discovery from the government in this case, or for which they are responsible because of access to classified information. The notes, summaries, and other documents prepared by the defense that do or may contain classified information shall remain at all times in the custody of the CISO for the duration of the case. At the conclusion of this case, including any appeals or ancillary proceedings thereto, all such notes, summaries, and other documents are to be destroyed by the CISO in the presence of counsel for the defendant if they choose to be present.

27.    Nothing contained in this Order shall be construed as a waiver of any right of the defendant. No admission made by the defendant or counsel during pretrial conferences may be used against the defendant unless it is in writing and signed by the defendant. *See* CIPA § 2.

28.    A copy of this Order shall be issued forthwith to counsel for the defendant who shall be responsible for advising the defendant and representatives of the defense of the contents of this Order. Counsel for the defendant, the defendant, and any other representatives of the defense who will be provided access to the classified information shall execute the Memorandum of Understanding described herein, and the defendant and counsel for the defendant shall file executed originals of such documents with the Court and the CISO and serve an executed original upon the government. The execution and filing of the Memorandum of Understanding is a condition precedent for the defendant, counsel for the defendant, and any other representative of the defense to have access to classified information.

DATED: __5/4/26__                            _____
                                             Hon. Matthew J. Maddox
                                             United States District Court Judge

16